UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW BISCOTTI, CHRISTIAN BISCOTTI,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF YUBA CITY, a public entity, OFFICER DAVID KRAUSE, OFFICER DAVID SANTANNA, CHIEF ROBERT D. LANDON,<br><br>　　　　Defendants. | No.  2:11-cv-01347-JAM-EFB<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND DISMISSING CASE** |

　　　Presently before the Court is Plaintiffs Matthew Biscotti and Christian Biscotti's ("Plaintiffs") Motion for Leave to File a First Amended Complaint (FAC) (Doc. #51).  This case arises out of the fatal shooting of Plaintiffs' mother, Victoria (Matthews) Rogers-Vasselin ("Decedent"), by Yuba City Police Officers on May 20, 2010. Defendants City of Yuba City, Officer David Kraus, Officer David Santanna, and Chief Robert D. Landon ("Defendants") oppose this motion to amend (Doc. #55). Plaintiffs filed a reply brief in support of their motion (Doc. #57) but raised new arguments in this brief. The Court therefore permitted Defendants

1

to file a sur-reply brief (Doc. #61).  Having carefully considered the parties' arguments, the Court denies Plaintiffs' motion for the reasons set forth below.[1]

## I. PROCEDURAL BACKGROUND

Plaintiffs filed this wrongful death lawsuit on May 18, 2011. The Complaint alleged the following four claims:  (1) violation of the Fourteenth Amendment's due process provision; (2) violation of civil rights (Monell claim); (3) supervisory liability; and (4) negligence.  See Compl.  On January 13, 2012, the Court issued a Status (Pre-trial Scheduling) Order (PTSO) (Doc. #11) which states:  "No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown."  The PTSO set a discovery completion date of February 27, 2013.

On April 3, 2013, Defendants moved for summary judgment on all of Plaintiffs' claims (Doc. #17), and on May 15, 2013, the Court granted summary judgment in Defendants' favor on all claims (Doc. #36).  Plaintiffs appealed this decision to the Ninth Circuit.  On January 27, 2016, the Ninth Circuit, in an unpublished opinion, affirmed in part and reversed in part this Court's Order granting summary judgment for Defendants (Doc. #46) and remanded only the negligence claim back to this Court for jury trial. The mandate issued on February 23, 2016. (Doc. #47)

Nearly three months later, on May 13, 2016, Plaintiffs filed

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for July 19, 2016.

this Motion to Amend the Complaint seeking to add a claim under California's Bane Act, a battery claim, and a Fourth Amendment excessive force claim. (Doc. #51)  Plaintiffs' proposed amended complaint named an additional defendant, Officer Wolfe, however, in Plaintiffs' reply brief they agree to "withdraw all proposed claims as stated against Officer Wolfe in the proposed First Amended Complaint."  Pls.' Reply 2:3-6 (Doc. #57)  Plaintiffs' new claims are based on the Decedent's alleged temporary post-shooting survival. Plaintiffs thus seek to shift the primary theory of their case from a wrongful death action to a survivor action.  Defendants oppose this motion arguing that Plaintiffs have failed to and cannot demonstrate good cause and that they will be unduly prejudiced if Plaintiffs' motion is granted.

## I.   OPINION

### A.   Legal Standard

In their motion, Plaintiffs rely on the standard set out in Federal Rule of Civil Procedure ("Rule") 15(a)(2), which provides:  "[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, the Court has already issued a PTSO in this matter specifying amendments to the pleadings require a showing of good cause.

Although Rule "15(a) liberally allows for amendments to pleadings," Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000), this policy does not apply after a district court has issued "a pretrial scheduling order that established a timetable

3

for amending the pleadings, and the deadline ha[s] expired." Id. Rather, parties seeking to amend their pleadings "must show good cause for not having amended their complaints before the time specified in the scheduling order expired." Id. "This standard 'primarily considers the diligence of the party seeking the amendment.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

If good cause exists, parties next must satisfy Rule 15(a). Cf. Johnson, 975 F.2d at 608. As stated, Rule 15(a)(2) makes clear that courts should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Ninth Circuit has noted that the policy is one "to be applied with extreme liberality," Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). In exercising their discretion to permit or deny a party to amend its pleading, Ninth Circuit courts consider five factors: (1) whether the amendment was filed with undue delay; (2) whether the movant has requested the amendment in bad faith or as a dilatory tactic; (3) whether the movant was allowed to make previous amendments which failed to correct deficiencies in the complaint; (4) whether the amendment will unduly prejudice the opposing party; and (5) whether the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). Whether amendment will unduly prejudice the opposing party is the most important factor in a court's analysis under Rule 15(a). Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

///

///

1      B.    Analysis
2            1.    Rule 16
3      In Plaintiffs' opening brief in support of their motion,
4 they completely fail to acknowledge that the proposed amendment
5 is brought after the Court's amendment deadline and is subject to
6 Rule 16's good cause requirement. Recognizing this error (after
7 receiving Defendants' opposition brief), Plaintiffs acknowledge
8 in their reply brief that their request to amend is subject to
9 Rule 16's good cause requirement. Plaintiffs contend that they
10 have satisfied the good cause requirement because "there was
11 insufficient evidence then possessed to state the proposed causes
12 of action in the original [c]omplaint." Reply 2:27-3:1.
13 Plaintiffs further argue that "during the course of litigation,
14 evidence was discovered that ultimately led Plaintiffs and their
15 counsel to conclude that these additional causes of action were
16 in fact meritorious." Id. at 3:2-3. Due to the timing of the
17 discovery of evidence and the summary judgment hearing, "[i]t was
18 only after the matter came back before this Court that Plaintiffs
19 were able to take the next step by filing the present [m]otion."
20 Id. at 3:8-9. Plaintiffs also claim that:

21
> [A]fter the Court granted summary judgment and while
> the appeal was pending, the Ninth Circuit decided
22 > Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1103-05
> (9th Cir. 2014). In that opinion, the Ninth Circuit
23 > conclusively determined for the first time that the
> then existing "prohibition against pre-death pain and
24 > suffering damages limits recovery too severely to be
> consistent with § 1983's deterrence policy." Chaudhry,
25 > at 1105. Federal law had been silent on this point
> until this case was decided. Id. at 1103. Therefore,
26 > the proposed cause of action pursuant to § 1983 was not
> viable until this decision was handed down during the
27 > pendency of the appeal in this case, further
> establishing good cause for allowing amendment.
28

1  Id. at 3:10-17.
2       In response to these arguments Defendants contend that
3  "Plaintiffs cannot establish that they reasonably and diligently
4  sought leave to amend their complaint."  Opp'n 6:3-4.  Defendants
5  argue that Plaintiffs' contentions that "they were unaware of the
6  facts and the new proposed causes of action until they conducted
7  discovery, and after the appellate process was complete" "are
8  belied by the contents of their [October 15, 2010] tort claim
9  presented to the City of Yuba City nearly six years ago and the
10 procedural history of this case."  Id. at 6:6-7.  "Plaintiffs
11 knew of these claims [and] knew of the facts supporting those
12 claims . . . ."  Id. at 6:8-9.  In their sur-reply Defendants
13 also point out that Plaintiffs' reply brief "fails to identify by
14 type, source, or content the new evidence of survival
15 [Plaintiffs] purportedly located at the end of discovery, nor
16 does the reply say why that evidence wasn't earlier found, nor is
17 there a corresponding declaration of counsel."  Defs.' Sur-reply
18 2:24-26, ECF No. 61.  Finally, in response to Plaintiffs'
19 argument regarding Chaudry, Defendants contend that:

20      [B]efore Chaudhry, [P]laintiffs could and did assert
        § 1983 survival claims in district court –
21      [Plaintiffs'] counsel could have noted the split and
        attempt[ed] to convince this Court the more liberal
22      view was correct, which is precisely what the estate in
        Chaudhry did. . . .  Even if this Court had determined
23      the § 1983 survival claim [was] barred, as occurred in
        Chaudhry when the district court set aside the verdict
24      for the estate, the issue would have been preserved for
        appeal.
25

26 Sur-reply 4:15-21.

27      The Court finds Defendants' arguments to be persuasive and
28 legally compelling.  The record in this case demonstrates that

6

1  Plaintiffs have known about the additional claims they now seek
2  to add since 2010 yet they chose not to include such claims in
3  the original complaint.  Tactical decisions not to name certain
4  defendants or allege certain claims "do not merit good cause."
5  Carbajal v. Dorn, No. CV09-00283-PHX-DGC, 2010 WL 1489978, at *4
6  (D. Ariz. April 13, 2010); see also In re W. States Wholesale
7  Natural Gas Antitrust Litig., 715 F.3d 716, 737-38 (9th Cir.
8  2013) (upholding district court's denial of motion to amend
9  because the moving parties had been aware of the facts and
10 theories supporting the amendment since the inception of the
11 case).  Plaintiffs' counsels' failure to submit a declaration
12 identifying the alleged new evidence obtained in discovery which
13 motivated them to seek to amend their complaint prevents this
14 Court from finding that Plaintiffs have met Rule 16's good cause
15 requirement. See e.g. (Bahamas) Ltd. v. Hempel, A/S, 2008 WL
16 205267, at *2 (N.D. Cal. 2008) (denying under Rule 16 motion for
17 leave to amend answer where motion unsupported by evidence for
18 its assertions). As Defendants argue, the record in this case
19 belies the existence of such new evidence.

20      As to Plaintiffs' change in case-law contention, in
21 Chaudhry, the Ninth Circuit considered whether California's
22 denial of "pre-death pain and suffering damages is inconsistent
23 with § 1983 in cases where an alleged violation of federal law
24 caused the victims death."  751 F.3d at 1103.  The Ninth Circuit
25 noted that the Eastern District had in the past found that the
26 law was consistent and thus acted as a prohibition on the
27 recovery of pre-death pain and suffering damages.  Id. (citing
28 Venerable v. City of Sacramento, 185 F. Supp. 2d 1128, 1132-33

7

1  (E.D. Cal. 2002)).  The Ninth Circuit panel reasoned that "[t]he
2  practical effect of [the California provision] is to reduce, and
3  often to eliminate, compensatory damage awards for the survivors
4  of people killed by violations of federal law."  Id. at 1104.
5  The Ninth Circuit thus held that "California's prohibition
6  against pre-death pain and suffering damages limits recovery too
7  severely to be consistent with § 1983's deterrence policy[, and]
8  therefore does not apply to § 1983 claims where the decedent's
9  death was caused by the violation of federal law."  Id. at 1105.
10  Chaudhry was decided while Plaintiffs' appeal was pending.

11      The Chaudhry decision strengthened the viability of a
12  survival action for pain and suffering resulting from a Fourth
13  Amendment violation.  However, prior to Chaudhry, there was no
14  binding authority preventing Plaintiffs from requesting pre-death
15  pain and suffering damages for Fourth Amendment violations.
16  While Venerable, 185 F. Supp. 2d at 1132-33, held that such
17  damages were not recoverable, district courts are not bound by
18  other district court decisions.  Further the Northern District of
19  California had previously held that such damages *were*
20  recoverable.  Guyton v. Phillips, 532 F. Supp. 1154, 1166-67
21  (N.D. Cal. 1981) rev'd of on other grounds Peraza v. Delameter,
22  722 F.2d 1455 (9th Cir. 1984).  Thus, Plaintiffs could have
23  brought the claims they now seek to add and raised the argument
24  that the Court should permit such damages.  Instead, Plaintiffs
25  made a tactical decision not to bring a Fourth Amendment survivor
26  claim seeking pre-death pain and suffering damages, and as a
27  substitute framed the case as a wrongful death case focusing on
28  loss of companionship.  As stated above, tactical decisions do

8

not warrant good cause. See Carbajal, 2010 WL 1489978, at *4; In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d at 737-38. Plaintiffs are thus denied leave to amend for failure to meet Rule 16's good cause requirement and the Court need not reach the Rule 15 issues raised by this motion to amend.

2. Supplemental Jurisdiction

The claims over which this Court had original jurisdiction, Plaintiffs' § 1983 claims, have been summarily adjudicated in Defendants favor. The only remaining matter before this Court, Plaintiffs' negligence claim, is a state law claim.

The Court therefore considers *sua sponte* whether to continue exercising supplemental jurisdiction over the remaining state law negligence claim. See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3 (9th Cir.1997) (suggesting that a district court may decide *sua sponte* whether to continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) once all federal law claims have been dismissed); Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 962 (9th Cir. 2014) ("In as much as only state claims remain, the district court may decide whether to continue to exercise supplemental jurisdiction over the state claims or send them back to state court, as appropriate.").

Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" following dismissal of "all claims over which it has original jurisdiction . . . ." The decision whether to decline exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) should be informed by the values of economy, convenience, fairness, and

comity as delineated by the Supreme Court in <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1996). "The Supreme Court has stated, and [the Ninth Circuit has] often repeated, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." See <u>Acri</u>, 114 F.3d at 1001 (quotation marks and citation omitted); <u>Curiel v. Barclays Capital Real Estate Inc.</u>, No. S-09-3074 FCD/KJM, 2010 WL 729499, at *1 (E.D. Cal. 2010) (stating "primary responsibility for developing and applying state law rests with the state courts" and declining to exercise supplemental jurisdiction after dismissal of the federal claims).

The Court finds judicial economy would not be promoted by continuing to exercise supplemental jurisdiction over the negligence claim. See <u>Otto v. Heckler</u>, 802 F.2d 337, 338 (9th Cir.1986) (stating that "[t]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction"). Furthermore, the Court finds no compelling convenience or fairness factors weigh in favor of exercising supplemental jurisdiction. The Court therefore declines to continue exercising supplemental jurisdiction over the remaining state claim under 28 U.S.C. § 1367(c)(3), and this matter is dismissed without prejudice.

## II.  ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Leave to File a FAC. The Court declines

to exercise supplemental jurisdiction over Plaintiffs' remaining negligence claim and the case is dismissed without prejudice.

IT IS SO ORDERED.

Dated: July 29, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

11